

Opinions of the United
States Court of Appeals
for the Third Circuit

8-23-2005

# Santiago v. Apker

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2301

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Santiago v. Apker" (2005). *2005 Decisions.* Paper 659.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/659

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2301
_____

JOSE M. SANTIAGO,
Appellant

vs.

CRAIG APKER, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00285)
District Judge: Honorable Malcolm Muir

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
JULY 29, 2005
Before:   CHIEF JUDGES SCIRICA, WEIS AND GARTH, CIRCUIT JUDGES

(Filed : August 23, 2005)

_____

OPINION
_____

PER CURIAM.

In 1991, in the United States District Court for the Middle District of

Pennsylvania Jose Manual Santiago was convicted of engaging in a continuing criminal

enterprise in violation of 21 U.S.C. § 848.[1]  He has filed a second petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241 to challenge his conviction.  Arguing that he

was innocent of the crime, he claimed that "his right to have a jury determine every fact

essential to punishment" had been violated because the elements of the continuing

criminal enterprise offense "were not charged in the indictment nor proven before the jury

beyond a reasonable doubt."  Petition at 3.  In support of his claim, he cited *Jones v.

United States*, 526 U.S. 227 (1991); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Ring

v. Arizona*, 536 U.S. 584 (2002); and *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

Adopting the Report & Recommendation of a Magistrate Judge, the District Court

dismissed Santiago's petition for lack of jurisdiction, holding that he could not file his

petition under 28 U.S.C. § 2241 because 28 U.S.C. § 2255 was an adequate and effective

means for him to raise his claims.  Santiago appeals and requests that the District Court's

order be summarily reversed.

  Because there is no substantial question on appeal, the District Court's

order will be summarily affirmed.  Santiago cannot bring his petition under 28 U.S.C. §

2241, because a motion to challenge his sentence pursuant to 28 U.S.C. § 2255 cannot be

considered "inadequate or ineffective."  28 U.S.C. § 2255 (2005).  Section 2255 has been

considered inadequate and ineffective for a petitioner convicted and imprisoned for

---

[1]Because the parties are familiar with the specifics of Santiago's conviction and his subsequent challenges thereto, we do not recount the details here.

conduct since deemed not to be criminal. *See In re Dorsainvil*, 119 F.3d 245, 251 (3d

Cir. 1997). However, § 2255 is not inadequate or ineffective just because a petitioner is

unable to meet its stringent gatekeeping requirements. *See id.* Specifically, we have held

that § 2255 is not an inadequate or ineffective way to bring claims based on *Apprendi*.

*See Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002). Claims under *Ring*

and *Blakely* are not sufficiently distinguishable from a claim under *Apprendi* to meet the

*In re Dorsainvil* exception and permit Santiago to seek relief under § 2241. *Cf. Okereke*,

307 F.3d at 120-21. Likewise, *Jones*, in which the Supreme Court construed a statute

unrelated to this case, does not provide Santiago a basis for obtaining relief under § 2241.

For the reasons stated, the District Court's order will be summarily

affirmed. Santiago's motion for summary reversal is denied.